### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ENRIQUE RODRIGUES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 08-CV-011-GKF-FHM |
| | ) | |
| ALEA LONDON LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

This matter comes before the court on the Motion for Remand [Docket No. 12] filed by plaintiff Enrique Rodrigues, Jr. ("Rodrigues").

Rodrigues contends that defendant Alea London Limited ("Alea") first became aware that Rodrigues' claim exceeded seventy-five thousand dollars ($75,000.00) more than thirty days prior to removal, and that therefore the removal of this case from state court was untimely under the dictates of 28 U.S.C. § 1446(b). On October 27, 2006, Rodrigues submitted a written pre-suit demand to Alea for a casualty loss to his oversize semi-trailer in the amount of $95,068.00. On March 9, 2007, Rodrigues filed his state-court Petition, in which he referenced the previous claim made to, and rejected by, Alea. *See* ¶ 9, Petition [Document No. 2-3, pp. 61-63]. On September 14, 2007, Alea's counsel wrote a settlement conference statement clearly characterizing Rodrigues' claim for repair of the trailer and the trailer's neck as exceeding $95,000.00. [Document No. 13-2, pp. 3-4]. At the same time in September, 2007, Rodrigues' counsel wrote in a settlement conference statement "that it will cost in excess of ninety thousand dollars to properly repair the trailer." [Document 13-2, p.5]. Alea removed the case to this court nearly four months later, on January 8, 2008.

Federal law provides that removal of a proceeding shall occur within 30 days of receipt of

the civil action or within 30 days after receipt of the first pleading or other paper from which it can be determined that the action is removable.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

Over five years ago, Chief Judge Clare V. Eagan of this district held that a pre-suit demand letter may be considered an "other paper" from which a defendant can determine the amount in controversy under 28 U.S.C. § 1446(b). *Archer v. Kelly*, 271 F.Supp.2d 1320, 1324 (N.D. Okla. 2003).  A post-suit written settlement demand may also be considered an "other paper" for purposes of § 1446(b). *Martin v. Mentor Corp.*, 142 F.Supp.2d 1346, 1349 (M.D. Fla. 2001); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992).  In *Chapman,* the Fifth Circuit held that, under the plain language of the removal statute, the "other paper" must be received *after* the filing of the initial pleading to begin the thirty-day clock. *Id.* It makes no difference in this case whether the law in the Tenth Circuit requires the "other paper" to be received after the filing of the initial pleading.  The facts here show that in September, 2007, after the filing of the inital pleading, Alea received "other paper[s]" from which it could determine that the amount in controversy exceeded $75,000.00.  Alea received those papers nearly four months before it removed the dispute

to this court.

Alea argues that the plaintiff's written statement of September, 2007 – that it would cost in excess of $90,000.00 to fix the trailer – was insufficient to make Alea aware that the amount in controversy exceeded $75,000.00. In support, Alea claims that the amount "included claims for bad faith, loss of profits and business opportunities, and other self-serving statements." [Document No. 14, p.2]. Alea's argument flies in the face of Rodrigues' words: "it will cost in excess of ninety thousand dollars to properly repair the trailer." [Document No. 13-2, p. 5]. In addition to cost of repair, Rodrigues wrote that "because the trailer has not been repaired, the plaintiff has incurred [additional] substantial losses of profits because he had been unable to conduct his business." *Id.*

Premises considered, this Court concludes that Alea's removal was not filed within thirty days after receipt by Alea of an "other paper" from which it could be ascertained that the case was removable. Alea is hereby ordered to pay just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c).

WHEREFORE, plaintiffs' Motion for Remand [Docket No. 12] is granted. The Court Clerk is hereby directed to remand this action to the District Court of Tulsa County, Oklahoma.

IT IS SO ORDERED this 20th day of June 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma